UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:                                          Chapter 7

Nick and Kara Goetzinger,

                                                Case No. 24-21567-rmb

　　　Debtors.

---

Nick Goetzinger,

　　　　　　Plaintiffs,
                                                Adversary No. _____-rmb
vs.

Sallie Mae Bank,

　　　　　　Defendant.

---

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT PURSUANT TO 11 U.S.C. § 523(a)(8)

Plaintiff, Nick Goetzinger (hereinafter "Plaintiff"), by his attorneys, Krekeler Law, S.C. by Attorney Noe J. Rincon, hereby brings this Complaint against Defendant, and alleges as follows:

### JURISDICTION & VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Secs. 1334 and 157(b).

2. Venue is proper pursuant to 28 U.S.C. § 1409 because this proceeding arises in and relates to a bankruptcy case pending in this district.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(T).

4. Bankruptcy Rules 7001 (6), (7), and (9) require an action of this nature to be filed as an adversary proceeding.

5. Plaintiff consents to the entry of a final judgment by a United States Bankruptcy Court judge.

6. Plaintiff filed his petition for relief under Chapter 7 of the Bankruptcy Code on February 24, 2024 (the "Chapter 7 Case").

## INTRODUCTION

7. Plaintiff seeks to discharge debts that Plaintiff owes Defendant that are not excepted from discharge pursuant 11 U.S.C. §523(a)(8).

## GENERAL ALLEGATIONS

8. Plaintiff is an adult resident of Wisconsin and married individual who resides at 110 S. Jackson Street, Elkhorn, Wisconsin 53121.

9. Plaintiff is a citizen of Wisconsin residing in the Eastern District of Wisconsin.

10. Sallie Mae Bank ("Defendant") is a consumer lender with P.O. Box 3228, Wilmington, DE 19804-0228.

11. Defendant is the owner and servicer of the debt Plaintiff seeks to discharge.

**The Student Loans**

12. The outstanding balance of the student loans which Plaintiff seeks to discharge in this adversary proceeding is $392,273.56 ("Sallie Loans") as of June 2024, consisting of the following loans:

    a. Sallie Mae Loan No. 9608 - $65,231.39

    b. Sallie Mae Loan No. 5734 - $56,969.78

    c. Sallie Mae Loan No. 0472 - $91,420.65

    d. Sallie Mae Loan No. 6127 - $87,425.46

    e. Sallie Mae Loan No. 1477 - $81,226.28.

### Education

13. Plaintiff obtained the Sallie Loans for the purpose of obtaining a medical degree from Trinity School of Medicine ("Trinity"), an international medical school based out of Ribishi, St. Vincent and the Grenadines. Plaintiff attended Trinity from August 2015 through December 2021. Plaintiff did not complete the medical degree program.
14. Plaintiff utilized the Sallie Loans to pay for all his expenses related to attending Trinity and completing the medical degree program.

## CLAIM FOR RELIEF - DETERMINATION OF DISCHARGEABILITY OF LOAN OBLIGATIONS NOT EXCEPTED FROM DISCHARGE UNDER 11 U.S.C. § 523(a)(8)(B)

15. Plaintiff hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 14.
16. The Defendant is a private consumer lender engaged in the practice of educational lending and upon information and belief, is an experienced lender and provider of educational loans.
17. The Sallie Loans extended by Defendant to Plaintiff were purportedly for "educational purposes."
18. As an experienced educational loan lender, Defendant knew or should have known that the loans it extended to Plaintiff were not "qualified education loans" as defined by 26 U.S.C. § 221(d)(1) and are therefore not excepted from discharge by 11 U.S.C. § 523(a)(8)(B).
19. Under 11 U.S.C. § 523(a)(8), a Chapter 7 discharge:

> Does not discharge an individual debtor from any debt…unless excepting such debt from discharge under [§ 523(a)(8)] would impose an undue hardship on the debtor… for…any other educational loan that is a qualified education loan.

20. A "qualified education loan" is defined by the Internal Revenue Code under 26 U.S.C. § 221(d)(1). "The term 'qualified education loan' means any indebtedness incurred by the [debtor] solely to pay qualified higher education expenses." 26 U.S.C. § 221(d)(1). "The term 'qualified higher education expenses' means the cost of attendance…at an eligible educational institution." 26 U.S.C. § 221(d)(2).

21. "[T]he term 'eligible educational institution' has the same meaning given such term by [26 U.S.C. § 25A(f)(2)] except that such term shall also include an institution conducting an internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital, or a health care facility which offers postgraduate training." 26 U.S.C. § 221(d)(2)(B).

22. An "eligible educational institution" is defined as an institution (a) "described in section 481 of the Higher Education Act of 1965 (20 U.S.C. 1088), as in effect on the date of the enactment of this section," and (b) "which is eligible to participate in a program under title IV of such Act." 26 U.S.C. § 25A(f)(2).

23. A list of all eligible Title IV schools, including international schools, is listed in the school code list maintained by the United States Department of Education ("Education"). Trinity is not a school listed by Education as an eligible Title IV school as of the list released by the Education in November of 2021.

24. In addition to the list maintained by Education, the IRS provides on its webpage, as an alternative resource for identifying eligible institutions, Education's Database of

Accredited Post Secondary Institutions and Programs ("DAPIP"), which also includes international schools. Trinity is not on DAPIP.

25. Furthermore, Trinity's webpage on financial aid focuses almost exclusively on Sallie Mae's "Medical Student Loan" loans, with a chart comparing these loans to a Direct Grad Plus Loan. Trinity's webpage provides no school code or information related to how prospective students may apply for federal financial aid.

26. The program offered by Trinity is a "Doctor of Medicine" or "MD" program. Trinity's MD program is a 4-year program accredited by the Caribbean Accreditation Authority for Medical Education that results in the issuance of a medical degree. The program is not and does not include a residency program. Several U.S. medical schools, in addition to offering medical degrees, also offer residency programs, such as the University of Wisconsin Department of Medicine Internal Medicine Residency program.

27. For a loan to be a "qualified education loan" under 11 U.S.C. § 523(a)(8)(B), the loan must be used solely to pay for "qualified higher education expenses," which are expenses incurred at an "eligible educational institution."

28. Trinity is not an "eligible educational institution" as defined by the Internal Revenue Code. Trinity is not eligible to participate in a Title IV program per Education's list of eligible institutions. The program offered by Trinity is not a residency program which leads to a degree from an institution of higher education under the expanded definition of "eligible educational institution."

29. Because Trinity is not an "eligible educational institution," the expenses incurred, and the Sallie Loans used to pay for those expenses, were not "qualified higher education

expenses." The Sallie Loans are not "qualified education loans" because they were not used to pay for "qualified higher education expenses."

30. 11 U.S.C. § 523(a)(8)(B) is inapplicable to the Sallie Loans and the Sallie Loans should be discharged as part of the Plaintiff's Chapter 7 discharge.

**WHEREFORE**, Nick Goetzinger respectfully requests:

a. Declaratory and injunctive relief;

b. Determination that the Sallie Loans are dischargeable;

c. An order discharging the Sallie Loans in whole upon the Plaintiff having received an Order of Discharge in his Chapter 7 Case; and

d. All other such relief as the court deems just.

Dated this 1st day of August 2024.

**KREKELER LAW, S.C.**

*Attorneys for Nick Goetzinger*

Noe J. Rincon
State Bar No. 1124893
26 Schroeder Court, Suite 300
Madison, WI 53711
Phone: 608-258-8555
Fax: 608-663-0287
nrincon@ks-lawfirm.com